# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2012

Lyle W. Cayce
Clerk

No. 11-50544
c/w No. 11-50560
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY TRENT ICE,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-264-3
USDC No. 6:10-CR-265-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Gary Trent Ice appeals his sentences for conspiracy to possess with intent to distribute methamphetamine and possession of a firearm by an unlawful user or addict of a controlled substance. Ice was sentenced to 60 months of imprisonment and three years of supervised release for each offense to be served concurrently. He contends that the district court

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by holding him accountable for all the methamphetamine seized from the residence because his role in the conspiracy was limited to distributing small amounts of methamphetamine.

We review the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A finding of fact is not clearly erroneous if it is plausible in light of the entire record. *Id.*

In the case of a "jointly undertaken criminal activity," a defendant's offense level is determined on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." § 1B1.3(a)(1)(B).

Methamphetamine was stored, packaged, and distributed in the residence Ice shared with his father. Ice's father supplied Ice with methamphetamine, which Ice sold in small amounts on multiple occasions over a period of time and offered to sell to others. Since Ice's participation in the conspiracy was not limited to a single transaction or specific quantity of drugs, evidence that he distributed small amounts of methamphetamine in comparison to his father does not compel the conclusion that the scope of his agreement was limited to distributing small amounts. Therefore, the district court's conclusion that all the methamphetamine found in the residence was within the scope of his agreement was plausible in light of the record as a whole and, therefore, not clearly erroneous. *See United States v. Smith*, 13 F.3d 860, 865 (5th Cir. 1994).

Even if the scope of criminal activity Ice agreed to undertake was more limited, the district court was permitted to approximate the amount of methamphetamine attributable to Ice. *See United States v. Puig-Infante*, 19 F.3d 929, 942 (5th Cir. 1994). Ice provides no argument or basis for determining the portion of the methamphetamine found in the residence that would have been given to him for distribution. Thus, he has failed to show that it was

No. 11-50544
c/w No. 11-50560

clearly erroneous for the district court to conclude that all the methamphetamine found in the residence was within the scope of his agreement.

The judgment of the district court is AFFIRMED.